**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re:                                                             :
                                                                   : Chapter 11
CAPITALE VENTURES I, LLC,                                          :
                                                                   : Case No. 14-11984 (ALG)
                                    Debtor.                        :
-------------------------------------------------------------------x

## MEMORANDUM DECISION AND ORDER DENYING MOTION FOR AN EMERGENCY STAY

On July 2, 2014 debtor Capitale Ventures I, LLC ("Capitale") filed a chapter 11 petition in this Court and on the next day, MM 130 Bowery Rest. Corp. d/b/a Capitale filed a similar petition. At the time of the filings both entities were defendants in an action in the District Court captioned *Patrick Westropp, on behalf of himself and others similarly situated against MM 130 Bowery Rest. Corp., Capital [sic] Ventures I, LLC and Seth Greenberg*, 13 Civ. 4958, pending before District Court Judge Woods.

The *Westropp* action is brought on behalf of a putative class (not certified as of this date) and charges the defendants with violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* and the New York Labor Law. There is no dispute that the bankruptcy filings automatically stayed the *Westropp* action against the defendants that had filed chapter 11 petitions and that the action was not automatically stayed against the individual defendant, Greenberg, the president and controlling person of Capitale, who did not file personally.

Capitale has now filed a motion under § 105 of the Bankruptcy Code to extend the automatic stay so as to suspend the *Westropp* action against Greenberg personally. The motion seeks a stay until confirmation of a plan, dismissal of the bankruptcy case or further order of this Court on the ground that continuation of that suit will expose the Debtor to risks of being collaterally estopped by determinations therein, will burden or distract Greenberg from pursuing reorganizational efforts, and will use resources that would otherwise benefit all of Capitale's

1

creditors (who assertedly stand to receive a 100% recovery on their claims in the Debtor's chapter 11 case). *Debtor's Motion*, p. 3. The *Westropp* plaintiffs oppose the motion for a stay and assert that they intend to proceed forthwith against Greenberg personally in the litigation.

## DISCUSSION

There is no question that a bankruptcy petition ordinarily stays litigation against the filing entity and not against principals or affiliates. *Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986). On the other hand, there is also no question that courts have, under § 105 of the Bankruptcy Code, extended the automatic stay to principals and affiliates of a debtor. *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986); *In re United Health Care Org.*, 210 B.R. 228 (S.D.N.Y. 1997); *In re Johns-Manville Corp.*, 26 B.R. 420 (Bankr. S.D.N.Y. 1983). In *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003), the Circuit Court held that even in the absence of a motion the automatic stay applied to an individual debtor's personal holding company, where "a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Id.*

Notwithstanding the theoretical availability of the relief Capitale seeks, it has not shown entitlement thereto on the record before the Court. The possibility that a decision in the District Court litigation will be precedential or preclusive in litigation against the defendants is not enough. As the Circuit said in *Queenie*,

> "We have not located any decision applying the stay to a non-debtor solely because of an apprehended later use against the debtor of offensive collateral estoppel or the precedential effect of an adverse decision. If such apprehension could support application of the stay, there would be vast and unwarranted interference with creditors' enforcement of their rights against non-debtor co-defendants."

*Queenie*, 321 F.3d at 288.

As to interference with the management of the Debtor, the facts of this case bear no resemblance to the mass tort cases of *A.H. Robins* and *Johns-Manville*, where thousands of personal injury cases were pending against corporations and the plaintiffs' attorneys began filing them against management after the stay against the corporate defendants went into effect. Several courts have refused to stay suits brought under the Fair Labor Standards Act and the New York Labor Law against principals of corporate defendants based on alleged interference with the principals' management of a debtor's affairs. *Millard v. Developmental Disabilities Inst., Inc.*, 266 B.R. 42 (E.D.N.Y. 2001); *FPSDA II, LLC v. Larin (In re FPSDA I, LLC)*, 10-75439, 2012 WL 6681794 (Bankr. E.D.N.Y. Dec. 21, 2012), as corrected (Dec. 26, 2012), *appeal dismissed,* 13-CV-1093 JS, 2014 WL 108419 (E.D.N.Y. Jan. 8, 2014). The possibility that Greenberg will be unable to manage the Debtor because of the lawsuit is speculative based on the instant record, especially as Capitale may not be actively engaged in business at present.

Finally, Capitale asserts that a stay will preserve resources for its creditors, who allegedly stand to recover 100% of their claims. Courts have stayed litigation against individual corporate defendants where a collection action diverted and substantially interfered with resolution of a bankruptcy case by foreclosing a definite and fixed source of funding necessary to resolution of the bankruptcy. *See, e.g., In re United Health Care Org.*, 210 B.R. 228, 233 (S.D.N.Y. 1997). There the District Court quoted from a bankruptcy treatise and stated "the test for issuance of a § 105 injunction is best stated as follows:

> The first requirement is that there be danger of imminent, irreparable harm to the estate or the debtor's ability to reorganize. Second, there must be a reasonable likelihood of a successful reorganization. Third, the court must balance the relative harm as between the debtor and the creditor who would be restrained. Fourth, the court must consider the public interest; this requires a balancing of the public interest in successful bankruptcy reorganizations with competing societal interests."

3

210 B.R. at 233, quoting 2 *Collier on Bankruptcy* ¶ 105.02[2] at 105–13 (15th ed.1997), quoting *In re Monroe Well Serv., Inc.,* 67 B.R. 746, 752–53 (Bankr.E.D.Pa.1986).

The Debtor here has not made the necessary showings on the instant record. It has not shown a "danger of imminent, irreparable harm." It has not shown the likelihood of a successful reorganization. It has not shown that the balance of relative harms tilts in its favor. It has not shown that the public interest favors a stay. Based on the current record, the motion for a stay is denied, without prejudice.

**IT IS SO ORDERED.**

Dated: New York, New York
      July 21, 2014

<u>**s/Allan L. Gropper**</u>
UNITED STATES BANKRUPTCY JUDGE